The opinion of the court was delivered by
Hobnblowek, C. J.
Ross, the plaintiff below, sued Linn *56 and Haines, before a justice, in an action of debt. The state of demand is as follows: “ The plaintiff demands of the defendants for the following book account, (the defendants at the time hereafter mentioned, were trading under the firm and style of Linn and Haines.)
To wit, 1835 April 9th, Linn and Haines, Dr.
To a note of hand against John H. Byrnes 1
for forty-one dollars and eight cents. J
$41 08
May 26th. To one new shoe, . 25
Interest account, 3 00
The plaintiff also demands of the defendants, for a certain other promissory note in writing, made and given by said John H. Byrne, for the sum of forty-one dollars and eight cents, payable to the plaintiff or bearer, bearing date the sixth day of April, 1835, payable ten days after date, and which the plaintiff sold, transferred and delivered to the defendants.”
On the trial of the cause, before the justice, the plaintiff Ross, recovered judgment for forty-four dollars and costs. From that judgment, the defendants below, Linn and Haines appealed. On the trial of the appeal, the plaintiff below, offered in evidence, a paper purporting to be a receipt made by one David F. Stole, a constable, for the amount in full of an execution against Ross, in favor of Linn and' Haines. This was objected to, by them; but the court overruled the objection, and permitted the receipt to be read in evidence; and that too, without any proof of the handwriting of Stole. In doing so, the court manifestly erred. If the receipt was ad.missible at all, the handwriting of the maker of it, ought to have been proved; but even with such proof, it is not perceived by any thing on the record, or in the state of the case, how it could be relevant. If the payment of the execution referred to, was a matter of issue, then I admit the receipt of the officer holding the execution, when properly verified, would be competent: for the officer must be considered, in that case, the agent of the party, in whose favor the execution had been issued. But here was no attempt to set off the amount due on the execution, against the plaintiff's demand, and consequently, whether it had been paid off or not, was perfectly immaterial.
Again : It appears by the state of the case, that the real question between the parties, was, whether the promissory note men *57 tioned in the state of demand, had been sold and transferred by the plaintiffs to the defendants; or whether it had only been placed by the plaintiff, in the lands of Linn, one of the defendants, as his bailiff, to be collected for the use of the plaintiff. It is very clear, that if the plaintiff was entitled to recover at all upon his state of demand, he could only recover upon the ground that the defendants had become the purchasers of the note, or at any rate, that they jointly had in some way become chargeable to the plaintiff, for the amount due upon it. Bat if I am indebted to a partnership, and I constitute one of the firm, my agent, to collect a debt due me, and apply-the proceeds towards payment of what I owe the partnership, I cannot charge the partnership, with such proceeds, or with the amount of the debt due me, on the ground that my agent, has neglected or violated his trust. Hence the defendants on the trial of the appeal, very properly called on the court to instruct the jury, that if they believed that the plaintiff delivered the note in question, to Linn as his agent, to collect the money for him, then whatever had become of the note or the money, they ought to find for the defendants. This, the court, (being equally divided in opinion) did not do, and in refusing so to charge, they clearly committed another error. Broadwell v. Nixon, 1 South. R. 362. Douglass v. McAllester, 3 Cranch 298. Mills v. Sleight, 2 South. R. 565. Todd v. Collins, 1 Halst. R. 127. Folly v. Van Tuyle, 4 Halst. R. 153. But this is not all: the court not only refused to charge the jury as they were requested to do, by the defendants, and as they ought to have done: but they did charge the jury, erroneously, and as they ought not to have done. They instructed the jury, “ that if Linn refused to deliver up the note to Ross, or had not delivered it up to him, then they ought to find in favor of the plaintiff” Now the refusal by Linn, to deliver np a note which he held as agent for the plaintiff could by no possibility make the partnership of Linn and Haines liable for the amount of that note. For these manifest errors, judgment must be reversed.
Ford, Justice, concurred. Ryersox, Justice, being connected with one of the parties, gave no opinion.

Judgment reversed.